1
2
3
4

**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

5
6
7

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com

8
9

Attorneys for Defendant
LABORATORY CORPORATION OF
AMERICA

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13    JUANA BRYDON<br><br>14             Plaintiff,<br><br>15    vs.<br><br>16    LABORATORY CORPORATION OF<br>17    AMERICA (a Delaware Corporation);<br>      WHITNEY HUMPHREY (an Individual);<br>18    JASMINE DUFFEY (an Individual);<br>      CYNTHIA NELSON (an Individual);<br>19    LINDSEY WILLIAMS (an Individual);<br>      LETTY DOE (an Individual); LANA DOE<br>20    (an Individual); and DOES 1-100,<br>      inclusive,<br><br>21<br>22             Defendants. | Case No.: 5:23-cv-00694<br><br>**DEFENDANT LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>(Riverside County Superior Court, Case No. CVRI2300488)<br><br>*[Filed concurrently with Defendant's Fraudulent Joinder Memorandum of Point of Authorities in Support of Notice of Removal, Request for Judicial Notice, and Declaration of Lauren Elvick]* |

23
24
25
26
27
28

1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Laboratory Corporation of America ("Labcorp" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Riverside, Case No. CVRI2300488 to the United States District Court for the Central District of California. This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.  BACKGROUND AND PLEADINGS

1. On February 1, 2023, Plaintiff filed this underlying lawsuit against Labcorp, Whitney Humphrey ("Humphrey"), Jasmine Duffey ("Duffey"), Cynthia Nelson ("Nelson"), Lindsey Williams ("Williams"), Letty Doe ("Letty"), Lana Doe ("Lana"), (collectively, "Defendants") in the Superior Court of the State of California, County of Riverside, Case No. CVRI2300488 (the "State Court Action"). In the Complaint, Plaintiff alleges the following claims for relief:

    1) discrimination on the basis of race in violation of the Fair Employment and Housing Act (the "FEHA") against Labcorp;

    2) harassment on the basis of race in violation of the FEHA against Defendants;

    3) discrimination on the basis of age in violation of the FEHA against Labcorp;

    4) harassment on the basis of age in violation of the FEHA against Labcorp, Letty, and Lana;

    5) discrimination on the basis of disability in violation of the FEHA against Labcorp;

    6) harassment on the basis of disability in violation of the FEHA against Defendants;

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

7)  retaliation for engaging in a protected activity in violation of the FEHA against Defendants;

8)  failure to prevent discrimination, harassment, and retaliation in violation of the FEHA against Defendants;

9)  wrongful termination in violation of public policy against Labcorp;

10) violation of Labor Code Section 1102.5 against Labcorp and Williams;

11) intentional infliction of emotional distress against Defendants;

2.   A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.  A true and correct copy of the Summons filed in the State Court Action is attached hereto as **Exhibit B**.  A true and correct copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto as **Exhibit C**. A true and correct copy of the Notice of Department Assignment filed in the State Court Action is attached hereto as **Exhibit D**.  A true and correct copy of the Certificate of Counsel filed in the State Court Action is attached hereto as **Exhibit E**. A true and correct copy of the Notice of Case Management Conference filed in the State Court Action is attached hereto as **Exhibit F**.   These materials comprise "all process, pleadings, and orders served" upon Labcorp in the State Court Action.  *See* 28 U.S.C. § 1446(a).

3.   The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and is one that may be removed to this Court by Labcorp pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

## II.    CITIZENSHIP OF THE PARTIES

### A. Plaintiff is a Citizen of California

4.   To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, the Complaint alleges: "Plaintiff JUANA BRYDON is, and at all times mentioned in this Complaint was, a resident of the County of Riverside, California." (Complaint ¶ 1). Labcorp further alleges that at the time the State Court Action was filed and at the time of filing of this Notice, Plaintiff was, and still is, a natural person domiciled and residing in the State of California, and a citizen of the State of California.

**B. Labcorp is a Not a Citizen of California**

5.     Labcorp is not a citizen of California. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

6.     Labcorp is a corporation organized under the laws of Delaware under the name "Laboratory Corporation of America." Labcorp was, and still is, a duly formed Delaware corporation in good standing at the time the State Court action was filed and at the time of the filing of this Notice. (*See also* Complaint ¶ 2(a) (Labcorp "is a Delaware Corporation.")). Thus, Labcorp is a citizen of Delaware based upon its place of incorporation.

7.     The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964). At the time the State Court Action was filed and at the time of filing of this Notice, Labcorp's corporate headquarters and principal place of business was, and still is,

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

Burlington, North Carolina.  Labcorp's executives direct, control and coordinate the corporation's activities from Labcorp's headquarters in Burlington, North Carolina. Thus, Labcorp is a citizen of North Carolina, based upon its principal place of business.

8.    Plaintiff is a citizen of California, and Labcorp is not a citizen of California.  Therefore, diversity of citizenship exists between Plaintiff and Labcorp.

**C. The Citizenship of Other Named Defendants Must be Disregarded**

9.    The Complaint alleges Defendants Humphrey, Duffey, Nelson, Williams, Letty, and Lana are citizens of California.  (Complaint ¶¶ 2(b) - (h)).  Their citizenship, however, should be disregarded for purposes of determining diversity because Plaintiff cannot state a cause of action against Humphrey, Duffey, Nelson, Williams, Letty, and Lana; therefore, these individual defendants are named as sham defendants.  As set forth in detail in the concurrently filed Memorandum of Points and Authorities in Support of Removal, Plaintiff fraudulently joined Humphrey, Duffey, Nelson, Williams, Letty, and Lana as defendants for purposes of defeating diversity jurisdiction, and their citizenship should be disregarded.

**D. The Citizenship of the Doe Defendants Must Be Disregarded**

10.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  The existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

**III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

11.    This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

12.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the district court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id.* Defendant only needs to show that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The Defendant is not required to provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met. *See Brill*, 427 F.3d at 448-49.

13.     The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citations omitted). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

14.     Plaintiff's Complaint alleges eleven causes of action against Labcorp.

Nine of these claims arise under the FEHA for discrimination based on race, age, and disability. Plaintiff also alleges violation of California Labor Code Section 1102.5 and intentional infliction of emotional distress. (See generally *Complaint*). Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met.

15.    Here, Plaintiff's FEHA related causes of action for race discrimination and harassment (First and Second causes of action) are alone sufficient to meet the amount in controversy of $75,000.

16.    **Back Pay.** Plaintiff alleges she was discriminated against because of her race in violation of the FEHA and wrongfully terminated in violation of public policy. (*See* Complaint ¶¶ 63-69, 123-128). If her claims are successful, Plaintiff would be entitled to an award of back pay. *See Parker v. Twentieth Century–Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (prevailing plaintiffs in employment termination case are generally entitled to back pay in the amount that they would have received but for the termination). While Plaintiff did not provide a specific dollar amount for these claims, assuming, conservatively, that this matter is resolved through trial in 12 months, Plaintiff would be entitled to three years and two months worth of back pay and benefits[1]. At the time her employment ended, Plaintiff was a full time employee earning approximately $24.97 per hour, which amounts to $163,803.20 in back pay alone[2]. Further, calculating only Plaintiff's lost wages to date—not taking into account any additional lost wages that would be incurred during the pendency of this action—she would be entitled to more than $111,865.60[3]. This calculation does not include lost employment benefits, which Plaintiff seeks as well. (*See* Complaint ¶ 66). Plaintiff's alleged back pay or lost wages to date alone are sufficient to satisfy

---

[1]  Plaintiff's Complaint alleges her employment was terminated on February 1, 2021. Assuming this matter is resolved through trial within one year after this removal is filed, Plaintiff will have been out of work for approximately three years and two months.

[2]  $24.97 x 40 hrs/week x 164 weeks = $163,803.20

[3]  Plaintiff's employment was allegedly terminated on February 1, 2021; therefore, at the time of the filing of this Notice of Removal, Plaintiff has been out of work for approximately two years and two months. $24.97 x 40 hrs/week x 112 weeks = $111,865.60.

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

the amount in controversy of more than $75,000 necessary for diversity jurisdiction.

17. **Front Pay.** While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay. *See Horsford v. Board of Trustees of Calif. State Univ.* 132 Cal. App. 4th 359, 388-89 (2005). Plaintiff could potentially recover another $103,875.20[4] in front pay alone, which is more than the $75,000 necessary for diversity jurisdiction.

18. **Attorneys' Fees.** Further, Plaintiff has also demanded attorney's fees for her FEHA claims. (Complaint p. 31 "Prayer" ¶ 4) Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *see also Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1102 (2002) (award of $155,245.75 in attorney fees in a FEHA related lawsuit). This calculation also includes all attorneys' fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). One court in the Central District of California has opined that a reasonable hourly rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100–300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to an attorneys' fee award of between $30,000 and $90,000. *See id.* If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

19. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief as it relates to her FEHA related claims for race discrimination exceeds $75,000. Removal is appropriate and proper.

---

[4] $24.97 x 40 hrs/week x 104 weeks = $103,875.20.

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

### III.    THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

20.    **Federal Court Jurisdiction.**  The United States District Court for the Central District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states.  The citizenship of Defendants Humphrey, Duffey, Nelson, Williams, Letty, and Lana must be disregarded for purposes of diversity jurisdiction as each is a fraudulently joined defendant. (*See* concurrently filed Memorandum of Points and Authorities).

21.    **The Removal Venue Is Proper.**  Removal is properly made to the United States District Court for the Central District of California under 28 U.S.C. § 1441(b), because the Superior Court of the State of California, County of Riverside, where the State Court Action is currently pending, is within the Central District of California.

22.    **The Removal Is Timely.**  Plaintiff served her Complaint on Labcorp by Notice and Acknowledgment of Receipt, which Labcorp executed on March 20, 2023. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant has timely filed this Notice of Removal within 30 days of service of the Complaint.

23.    **Labcorp Has Sufficient Consent**.  Labcorp is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal.  *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served.  Labcorp is not required to obtain consent to remove from defendants who have not been served.  *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  Therefore, Labcorp has sufficient consent to remove the State Court Action.

24.    **Service of Notice of Removal.**  Labcorp will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the County of Riverside, and serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Labcorp respectfully requests the removal of the State Court Action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

K&L GATES LLP

Dated:  April 19, 2023                    By:    */s/ Connor Meggs*
                                                          Christopher J. Kondon
                                                          Saman M. Rejali
                                                          Connor J. Meggs

                                                          Attorneys for Defendant
                                                          LABORATORY CORPORATION OF
                                                          AMERICA

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**

## **EXHIBIT LIST**

| Exhibit | Description | Removal Page Number |
|---|---|---|
| A | Complaint | 001 - 032 |
| B | Summons | 033 - 034 |
| C | Civil Case Cover Sheet | 035 - 037 |
| D | Notice of Case Assignment | 038 - 039 |
| E | Certificate of Counsel | 040 - 041 |
| F | Notice of Case Management Conference | 042 - 061 |

**LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL**